IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 8:16-181-BHH-1 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| SHANE DOUGLAS SICHTING ) | |
| ) | |

Defendant Shane Douglas Sichting ("Sichting") has, once again, filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 149.) The Court has denied his previous motions for compassionate release. (*See* ECF Nos. 114, 129, 132.) He states that his latest motion is "based upon the newest medical diagnosis, his rapidly deteriorating (and thus far poorly managed) chronic physical conditions, and the crisis of infection from COVID-19 that has embedded itself in the prison facility at FMC Rochester." (ECF No. 149 at 2.)

**BACKGROUND**

On September 1, 2016, Sichting was convicted of Count 1 of the Indictment (ECF No. 21)—using or causing another to use the mail or any facility of interstate or foreign commerce, with the intent that a murder be committed in violation of the laws of the State of South Carolina—and Count 1 of the Information (ECF No. 64)—attempting to kill R.M. and S.S. with the intent to retaliate against R.M. and S.S. for providing to a law enforcement officer information relating to the commission or possible commission of a Federal offense. (*See* ECF Nos. 67 & 68.) On January 12, 2017, the Court sentenced Sichting to 120 months of imprisonment on Count 1 of the Indictment and 135 months of imprisonment on Count 1 of the Information, which terms were to run concurrently with one another but consecutive to his sentence from the District of Montana, No. 07-61-M-

1

DWM-01. (*See* ECF Nos. 82 & 83.) At the time Sichting committed the criminal acts resulting in his underlying convictions in the District of South Carolina he was serving a sentence for a similar "murder-for-hire" plot against his ex-wife, which case was adjudicated in the District of Montana. (*See* PSR, ECF No. 73.) His ex-wife was also the intended victim of the second murder-for-hire plot which lead to his indictment and conviction in the District of South Carolina. (*Id.*)

## ANALYSIS

Sichting attached exhibits to the motion for compassionate release demonstrating that he has satisfied the administrative exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A). (*See* ECF No. 149-1 at 2–6.) The Government has previously conceded that Sichting's chronic medical condition presents an extraordinary and compelling circumstance within the meaning of the statute and the applicable U.S. Sentencing Commission policy statement. (*See* ECF No. 124 at 8–9.) Nevertheless, the Court finds that Sichting has not met his burden to show that a sentence reduction is warranted in light of the danger that he would pose to the community if released.

In evaluating whether Sichting no longer poses a danger to the safety of another person or to the community, the Court notes, once again, that Sichting was convicted for his attempt to orchestrate a murder-for-hire scheme against his ex-wife and the informant *while still serving a federal prison sentence for a similar murder-for-hire scheme against his ex-wife* in the District of Montana. Moreover, the factors itemized in 18 U.S.C. § 3553(a) counsel against a sentence reduction—in particular, the need for Sichting's current sentence to reflect the seriousness of his offenses and to afford adequate deterrence against future criminal conduct by Sichting. Sichting's first sentence in the

District of Montana for a similar murder-for-hire scheme did not deter him from attempting the same conduct against his ex-wife for a second time. In fact, his second scheme extended to planning the killing of a second individual, the informant from his first case. Sichting wanted custody of his children and wanted the killings done before he went to a halfway house at the end of his District of Montana sentence. (PSR ¶ 8.) The Court finds that Sichting has demonstrated he poses a recurrent danger to these individuals' safety and this Court's 135-month sentence reflects as much. Accordingly, his "Second Emergency Petition and Memorandum in Support of Relief Under the First Step Act" (ECF No. 149) is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

March 2, 2022
Greenville, South Carolina